IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRIZZER KENNEDY, § § Plaintiff, § § V. § § JUDGE WILLIAM HARMON, BRIAN § COYNE, KAYE JAMESON, and § HOUSTON POLICE DEPARTMENT, § § Defendants. § | CIVIL ACTION NO. H-17-2056 |

## MEMORANDUM AND RECOMMENDATION

Pending and referred are Motions to Dismiss filed by each Defendant in this case (Document Nos. 7, 8, 9[1] and 13). Having considered the claims and allegations of Plaintiff, who is proceeding *pro se*, the Motions to Dismiss, Plaintiff's responses to those motions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions to Dismiss (Document Nos. 7, 8, 9 and 13) be GRANTED and all Plaintiff's claims in this case be DISMISSED WITH PREJUDICE.

**Background**

This case was filed by Plaintiff Crizzeer Kennedy *pro se* ("Kennedy"); as a *pro se* plaintiff, his pleadings will be liberally construed. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). In his Complaint, filed on June 29, 2017, against Judge William Harmon,

---

[1] Document No. 9 is Defendant Coyne's "Answer Presenting Defenses Under Rule 12(b)" in which Defendant Coyne maintains that Plaintiff's complaint against him fails to state a claim upon which relief may be granted, and is barred by the applicable statute of limitations.

Attorney Brian Coyne, Clerk Kaye Jameson, and the Houston Police Department, Kennedy complains about a series of events that commenced in 1980, with his "warrantless arrest" lacking in probable cause and based on alleged racial profiling, and essentially ended in 1985 or 1986 when his conviction for possession of an illegal weapon was affirmed and he did not further pursue any state post-conviction relief. Kennedy's claims in this case, which he premises, on the one hand, on 42 U.S.C. § 1983, and on the other hand, as being a post-conviction writ of habeas corpus, arise out of his arrest in 1980, his guilty plea which resulted in a ten year term of deferred adjudication, the revocation of his probation in 1984 and the resultant sentence of three years incarceration, and his purported efforts from 1984 through 1986, to challenge that conviction with state post-conviction applications for writ of habeas corpus. With respect to Defendant Houston Police Department, Kennedy maintains that he was unconstitutionally arrested without a warrant and based solely on his race. As for Defendant Judge William Harmon, Kennedy alleges that he "lied" about the pendency of Kennedy's state application for writ of habeas corpus. Defendant Brian Coyne, Kennedy alleges, was his attorney when he pled guilty to the weapons offense in 1980 and was ineffective for failing to challenge his arrest as not being based on probable cause. Finally, Kennedy alleges that Defendant Kaye Jameson, the court reporter at his probation revocation hearing, did not preserve the record of that hearing. In the "Relief Sought" section of his Complaint, Kennedy alleges as somewhat a summary, the following:

> Thus, I would allege that I have been victimized by ineffective assistance of counsel on the original case by Brian Coyne, the probation hearing by Johnny Gill, and the appellate procedures by Barbara Burnett. Additionally, I have been denied my right to be heard for over 30 years by two judges in the 178th District Court which resulted in not being able to exhaust state remedies. Moreover, I have been egregiously violated on my transcript testimony during the probation hearing by either the assistant district attorney or the clerk of the court for erasing my 20-day

> violation statement to the visiting judge. More importantly, I was originally violated by being racially profiled in 1980 by an illegal warrantless search of my black and green briefcase and the convenient loss of the police report by the Houston Police Department. I would like to be found innocent of this crime because I believe wholly that there were concerted efforts by authorities of Harris County while acting under color of law to keep me from getting before judge Carl O. Bue in 1985 who heavy-handedly ruled consistently against Harris County for violations of the 24-hour magistrate to determine a neutral determination of probable cause.

Complaint (Document No. 1) at 5-6.

Each Defendant filed a Motion to Dismiss Kennedy's claims. Defendant Judge William Harmon maintains in his Motion to Dismiss (Document No. 7) that he has absolute judicial immunity, that Kennedy has not stated a claim against him for which relief is available because he cannot find Kennedy "innocent," and that Kennedy cannot maintain a viable federal habeas corpus action to challenge his weapons conviction from 1984 against anyone in any event because he is not "in custody," which is a jurisdiction requirement for habeas corpus relief. Defendant Houston Police Department argues in its Motion to Dismiss (Document No. 8) that it lacks the capacity to be sued, that Kennedy's claims are barred by the applicable statute of limitations, and that Kennedy cannot state a viable § 1983 claim related to his arrest in 1980 because the weapon charge was never dismissed in his favor, as is required under *Heck v. Humphrey*, 512 U.S. 477 (1994) for a viable damages claim under § 1983. Defendants Coyne and Jameson seek dismissal of Kennedy's claim(s) against them (Document Nos. 9 & 13) for failure to state a claim and as barred by the applicable statute of limitations.

3

**§ 1983 Claims**

Kennedy's claims premised on 42 U.S.C. § 1983 are all subject to dismissal.

42 U.S.C. § 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress...." "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989), *cert. denied*, 493 U.S.1019 (1990). To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting "under color of state law". *See Bass v. Parkwwod Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999); *Gomez v. Toledo*, 446 U.S. 635, 340 (1980) ("By the plain terms of § 1983, two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.").

Here, Defendant Judge William Harmon has, as he has asserted, absolute judicial immunity for any action he took as the district judge of the 178th District Court of Harris County, Texas. As set forth by the Fifth Circuit Court of Appeals in *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005):

> Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is not overcome by

4

allegations of bad faith or malice and "*applies even when the judge is accused of acting maliciously and corruptly.*" *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted) (emphasis added). "It is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Notwithstanding the aforementioned, judicial immunity can be overcome in two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12, 112 S.Ct. 286 (citations omitted).

Because Kennedy asserts in his Complaint that Defendant Harmon was acting as a judge when he misrepresented the status of Kennedy's state application for writ of habeas corpus, and because it was within his purview as the judge of the 178th District Court of Harris County, Texas, to respond to state applications for writ of habeas corpus, Defendant Harmon has absolute judicial immunity from the claims Kennedy asserts against him.

As for Defendant Houston Police Department, as argued in its Motion to Dismiss, it does not have the capacity to sue or be sued. That is because it is a subdivision of the City of Houston, *see* Houston Municipal Code Article II. – POLICE DEPARTMENT § 34-21, and has no separate legal existence. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991)("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'"). Kennedy's claims against the Houston Police Department are therefore subject to dismissal on that basis alone. *See e.g., Twine v. City of Houston,* No. H-08-1234, 2008 WL 4240157 *3 (S.D. Tex. Sept. 10, 2008) (Houston Police Department dismissing claims against Houiston Police Department for failure to state a claim). Moreover, even if Kennedy had named the City of Houston as a proper Defendant in this case, his § 1983 claims attendant to his arrest in 1980 are both time-barred and foreclosed by the rule announced in *Heck.*

Claims under § 1983 brought in federal courts in Texas are subject to a two-year statute of limitations, with the limitations period commencing "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F.App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989) (citations omitted). Here, Kennedy's complaints about his arrest in 1980 are clearly and unequivocally time-barred. Kennedy was arrested in 1980, pled guilty to possession of an illegal weapon and was granted a ten year term of deferred adjudication probation, had his probation revoked and was sentenced to three years incarceration in 1984, that conviction was affirmed by Texas' First Court of Appeals on November 21, 1986,[2] and the conviction was considered final thirty (30) days thereafter when Kennedy did not file a petition for discretionary review. *See* TEX. R. APP. P. 68.2(a) (a petition for discretionary review "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals"); *Roberts v. Cockrell*, 319 F.3d 680, 694 (5th Cir. 2003) ("the one-year limitations period began to run on March 11, 2001, when the thirty-day period for filing a petition for discretionary review in state court ended"). Kennedy's complaints against the Houston Police Department, thirty-seven years after his arrest, and over thirty years after his conviction was affirmed and considered final, are over thirty years too late. While Kennedy responds to Defendants' limitations defense by reference to a "conspiracy" between Defendants, and a letter from Judge Mendoza, the current judge of the 178th District Court, dated

---

[2] The procedural history associated with Kennedy's illegal weapons offense is contained in an August 17, 2016 letter to Kennedy from the current judge of the 178th District Court (David L. Mendoza) (Document No. 1-1 at 2-3), and can also be found in the Harris County District Clerk's public records, *State of Texas v. Crizzer Kennedy*, Cause No. 032317301010.

6

August 17, 2016 (Document No. 1-1 at 2-3), neither that letter nor Kennedy's conspiracy allegations can save his untimely claims from dismissal. The letter from Judge Mendoza did not, in any way, revive Kennedy's claims. In fact, that letter merely sought to inform Kennedy about the status of what Kennedy claimed was a state application for writ of habeas corpus that had been pending for thirty years. In that letter, Judge Mendoza stated that there had been no activity in Kennedy's case since May 13, 1987, when a letter to Kennedy was returned as non-deliverable. (Document No. 1-1 at 3). Kennedy has not alleged that he did anything in the thirty plus years he claims his challenges to his conviction were pending to pursue those claims. Thirty years after the fact, particularly when Kennedy's term of incarceration on that offense was completed decades ago, is simply too late, given the two year limitations period, to challenge the conviction under § 1983.

Kennedy's complaints against the Houston Police Department are also foreclosed by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Here, Kennedy's own allegations reveal that his conviction for possession of an illegal weapon has not been: reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. His § 1983 claim for compensatory damages against any of

the defendants which is premised on the invalidity or unconstitutionality of his conviction are foreclosed by *Heck*.

As for Kennedy's claims against Defendants Jameson and Coyne, such claims are also subject to dismissal as time-barred and for failure to state a claim. The actions of Jameson and Coyne that Kennedy complains of occurred over thirty years ago, well beyond the two year statute of limitations period. In addition, while Jameson was, ostensibly, a state actor at the time of the complained of actions, Coyne, who was Kennedy's defense attorney, was not. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Moreover, the relief Kennedy seeks as against Jameson and Coyne – either a determination of innocence, or compensatory damages for an allegedly invalid conviction – are not available under § 1983.

**Habeas Claims**

To the extent Kennedy seeks, with his claims, to invalidate his 1984 conviction, he cannot do so under 28 U.S.C. § 2254 because he is not "in custody" on that offense. Pursuant to 28 U.S.C. § 2254(a),

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A jurisdictional prerequisite to relief under § 2254 is that a petitioner be "in custody" on the conviction or sentence he seeks to challenge with an application for writ of habeas corpus. *Maleng*

8

*v. Cook*, 490 U.S. 488, 490-1 (1989). While the "in custody" requirement may be met where a habeas petitioner "challenges a conviction used to enhance another conviction for which he is currently in custody," *Thompson v. Collins*, 981 F.2d 259, 261 (5th Cir. 1993), no relief is generally available to a habeas petitioner who challenges the validity of the expired sentence. The Supreme Court made this clear in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-404 (2001):

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels, post,* at 382, 121 S.Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

The only exception to the rule announced in *Lackawanna* is for challenges to an "enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Lackawanna*, 532 U.S. at 404.

Here, the conviction Kennedy complains of was from 1984. Kennedy has not alleged, and his mailing address indicates, that he is not "in custody" on the conviction he seeks to challenge or any other conviction. Accordingly, the Court does not have jurisdiction to consider or entertain any claims he raises for habeas corpus relief under § 2254 and, regardless of the Defendant against whom his habeas claims are raised, such claims are subject to dismissal for lack of subject matter jurisdiction.

**Conclusion**

Based on the foregoing, and the conclusion that Plaintiff Crizzer Kennedy has not, and cannot state a viable claim against any of the named Defendants relative to the events he complains about that arose in 1980-1986, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 7, 8, 9 and 13) all be GRANTED and Plaintiff's claims against them all be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 12th day of April, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE